IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AZIZA VAFOKULOVA, individually and as Administratrix of the ESTATE OF BAHTIYOR VAFOKULOV, and on behalf of JOSE VAFOKULOV and REGINA VAFOKULOVA, minor children<br><br>v.<br><br>UA INTERNATIONAL CONSULTING CORP., ET AL. | CIVIL ACTION<br><br>NO. 17-2605 |

**MEMORANDUM RE: SUBJECT MATTER JURISDICTION AND ATTORNEY'S FEES**

**Baylson, J.**                                                                                            **November 17, 2017**

It is axiomatic that a court without subject matter jurisdiction must dismiss the case. See Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction is more than a mere formality: federal courts are courts of limited subject matter jurisdiction possessing "only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). This case falls outside this Court's subject matter jurisdiction under 28 U.S.C. §§ 1331–32 and 41. Therefore, Plaintiffs' Motion to Remand is granted.

**I.     Factual Background and Procedural History**

This action involves allegations that Bahtiyor Vafokulov (the "Decedent") suffered a fatal injury while traveling as a passenger in a vehicle operated by Arthur Williams ("Williams"), during the course of and within the scope of his employment with UA International Consulting Corporation ("UA"). Aziza Vafokulova ("Plaintiff") brings claims individually and as Administratrix of the Estate of the Decedent, against Williams, UA, Sunteck Transports ("Sunteck"), Presperse Corporation ("Presperse"), and New Prime, Inc. ("New

1

Prime").¹  Plaintiff, Williams, and UA are citizens of Pennsylvania.  The other parties are citizens of various states.

Plaintiff originally filed this case in the Court of Common Pleas for Philadelphia County, Pennsylvania, on May 5, 2017.  (See ECF 1, Ex. A).  Sunteck removed the case to this Court on June 9, 2017 (ECF 1), asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1441 because this case qualifies for "federal question" jurisdiction.  See 28 U.S.C. 1331.  Plaintiff Vafokulova then filed an Amended Complaint on June 30, 2017.  (See ECF 16).

The Amended Complaint contains eleven counts: Wrongful Death (Count I), Survival Action (Count II), Negligence (Counts III, VII, and IX), Negligence Per Se (Counts IV, VIII, and X), Vicarious Liability (Counts V and VI), and Statutory Liability (Count XII).²

Sunteck answered the Amended Complaint on July 12, 2017, and brought crossclaims against New Prime, Presperse, UA, and Williams.  (ECF 22 ("Answer")).  Attached to the Answer is a copy of an agreement between Sunteck and UA, which, Sunteck contends, contains an "indemnification clause."  (See ECF 22, Ex. A ("Sunteck-UA Agreement")).  The signature page of the agreement identifies Williams as the owner of UA.  Sunteck seeks, "in the event Plaintiffs are found to be entitled to any recovery from Sunteck against UA and Williams," "indemnity and/or contribution for all damages that may be recoverable."  (Id. at 29).  Sunteck also brings cross-claims against Presperse and New Prime for "full indemnification and/or contribution."  (Id. at 31).

At no point in this litigation did Plaintiff or any Defendant on its own initiative challenge Sunteck's assertion that this Court has subject matter jurisdiction.  In fact, prior to Sunteck filing

---

¹ Plaintiff also brought claims against RLI Insurance Co ("RLI") but later stipulated to its dismissal from this action. (See ECF 31).
² The Amended Complaint does not contain any claim labeled "Count XI."  The eleventh count is labeled "Count XII," and the Court will use the same label to avoid further confusion.

2

its Notice of Removal, all Defendants consented to removal of this case to federal court from Pennsylvania state court. (See ECF 1, Ex. E, G, I, K).

On October 11, 2017, this Court *sua sponte* ordered all parties to show cause why the case should not be dismissed. (ECF 40). In response, several parties filed briefs, and Vafokulova filed a Motion to Remand to State Court (ECF 47).

In Sunteck's Response to the Order (ECF 45)—joined by Presperse (ECF 46)—Sunteck asserts that the Court has subject matter jurisdiction based on federal question jurisdiction because:

1. "Plaintiffs' claims allege violations of federal statutes and regulations, the resolution of which implicates significant federal issues and turns on the construction of federal law"; and
2. "[T]he Amendments to the Interstate Commerce Case, enacted by the Federal Aviation Administration Authorization Act of 1994 ('FAAAA'), completely preempts any state law claims made by the Plaintiffs."

Both purported bases for subject matter jurisdiction are addressed below.[3]

**II.  Legal Standards**

28 U.S.C. § 1441 generally permits defendants in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to remove such action "to the district court of the United States for the district and division embracing the place where such action is pending." Thus, determining whether an action is properly removed to federal court necessitates reference to other statutes conferring "original jurisdiction"—such as the statute conferring "federal question" jurisdiction. See 28 U.S.C. § 1331. If removal is

---

[3] Sunteck also point to a "suit filed by the same Plaintiffs against Jesse Vega Laurencia and Yaniel Cajigal Suarez," a matter they allege "should be consolidated" because the "District Court for the Eastern District of Pennsylvania is the only court in which the claims from both lawsuits . . . can be adjudicated." This Court notes that Sunteck's brief was filed on October 23, 2017, five days <u>after</u> that case was voluntarily terminated by Vafokulova. (ECF 3). Thus, the portion of Sunteck's brief dedicated to this contention is without merit.

improper, and a court determines that it lacks subject matter jurisdiction over an action, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal courts have "federal question" jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although this language closely tracks that contained in Article III of the Constitution, the two are not coterminous: Section 1331 encompasses fewer cases than the Constitution allows. See Merrell Dow Pharm Inc. v. Thompson, 478 U.S. 804, 807 (1986).

For a federal court to have jurisdiction over a claim under § 1331, a federal issue must appear on the face of the plaintiff' complaint. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). This is commonly called the "well-pleaded complaint rule." See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009). The rule states that a suit arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908). Thus, a Court must analyze the complaint itself for purposes of federal question jurisdiction; "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense." Vaden, 556 U.S. at 60.

However, even if a complaint purports to rest on state law, the action may still qualify for federal question jurisdiction "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003). The Supreme Court has found "complete preemption" only under federal statutes in which the statutes "provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." Id.; see, 29 U.S.C. § 1132 (Employee Retirement Income Security Act ("ERISA")); § 185 (Labor Management Relations Act); 12 U.S.C. § 85–86 (National Bank Act).

...

The Third Circuit has noted the contrast between "substantive preemption, which displaces states law but does not, as a defense, confer federal question jurisdiction," and "complete preemption," which "creates removal jurisdiction even though no federal question appears on the face of the plaintiff's complaint." Lazorko v. Pennsylvania Hosp., 237 F.3d 242 (3d Cir. 2000). Here, the question is one of "complete preemption."

This narrow exception to the well-pleaded complaint rule only applies when "the pre-emptive force of a statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim." Caterpillar Inc v. Williams, 482 U.S.C. 386, 393 (1987) (quoting Metro. Life, 481 U.S. at 65).

### III. Analysis

#### A. Violation of Federal Statutes and Regulations

Sunteck's first assertion relies on the fact that the Complaint alleges violations of federal statutes and regulations as a basis for state law claims, especially negligence *per se*. Specifically, as part of Plaintiffs' state law claims, they allege that Defendants violated provisions of 49 C.F.R. §§ 171, 383, 390–392, and 395.

Sunteck does not contend that the action is removable due to the presence of federal claims. This is appropriate: All of the counts are for state law claims, such as wrongful death and negligence. Nonetheless, Sunteck points out that "a case may arise under federal law where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Merrell Dow, 478 U.S. at 808. Sunteck goes too far, however, when it asserts, "[a] state court sitting in Philadelphia is not qualified to interpret and apply the numerous federal regulations Plaintiffs allege were violated by the Defendants." This statement suggests that the Pennsylvania state court in which this case was originally filed (and to which this Court is now

5

remanding the case) did not have subject matter jurisdiction, and ignores more than two hundred years of state court opinions in this country interpreting federal statutes. See, e.g., Conroy v. Warren, 3 Johns. Cas. 259 (N.Y. Sup. Ct. 1802) (holding that a 1797 federal statute laying duties on stamped paper did not apply to checks).

In support of their contention that removal was appropriate, Sunteck quotes from Merrell Dow, cited above, and Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005).

Merrell Dow held that federal question jurisdiction is not conferred simply by virtue of the fact that the "complaint alleg[ed] a violation of a federal statute as an element of a state cause of action," specifically emphasizing that Congress had not prescribed a "private, federal cause of action for the alleged violation." 478 U.S. at 817. Here, Sunteck does not point to any Congressional intent to provide a private, federal cause of action for the alleged federal violations, which, this Court notes, are all regulations under the Code of Federal Regulations and not Congressional statutes.

Grable held that, in the context of a quiet title action, "the national interest in providing a federal forum for federal tax litigation is sufficiently substantial to support the exercise of federal-question jurisdiction." 545 U.S. at 310, 319–20. While the Court acknowledged that the "absence of a federal private right of action [is] evidence relevant to . . . the sensitive judgments about congressional intent that § 1331 requires," the Court highlighted that the lack of a federal private right of action is not "dispositive of" whether there is federal question jurisdiction. 545 U.S. at 318 (citation omitted). The Court specifically contrasted state law claims that confer federal question with "federal violations generally in garden variety state tort law," and discussed the Court's justification for the Merrell Dow holding:

> "The violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings."[6] Restatement (Third) of Torts § 14, Reporters' Note, Comment *a,* p. 195 (Tent.Draft No. 1, Mar. 28, 2001). See also W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 36, p. 221, n. 9 (5th ed. 1984) **("[T]he breach of a federal statute may support a negligence per se claim as a matter of state law"** (collecting authority)). A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts. Expressing concern over the "increased volume of federal litigation," and noting the importance of adhering to "legislative intent," *Merrell Dow* **thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law "solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] ... under state law."** 478 U.S., at 811–812, 106 S.Ct. 3229 (internal quotation marks omitted).

545 U.S. at 318–19 (emphasis added).

Thus, it would be inconsistent with Supreme Court precedent to allow this case to remain in federal court merely by virtue of the fact that Plaintiffs' claims contain allegations of the Defendants' negligence which are rooted in alleged violations of federal law. This would generate an "enormous shift of traditionally state cases into federal courts." Id. at 319.

### B. Complete Preemption

Sunteck's second alleged basis for subject matter jurisdiction, which relies on the "complete preemption" exception to the well-pleaded complaint rule, states that the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), 49 U.S.C. § 14501(c), "preempts any attempts to apply and enforce state law" in this case. (Compl. ¶ 23).

Defendants' complete preemption argument is rooted in the "preemption" clause of 49 U.S.C. § 14501(c), which states, in relevant part:

7

> [A] State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

Sunteck correctly points out that, in the context of the FAAAA—and the Airline Deregulation Act (which contains an identical preemption clause) the Supreme Court has under certain circumstances found appropriate the use of "substantive preemption" (as distinct from "complete preemption," the higher threshold for removability). See, e.g., Morales v. Trans World Airlines, Inc., 504 U.S. 374 (1992); Rowe v. New Hampshire Motor Transp. Ass'n, 552 U.S. 364 (2008). Sunteck also cites to various district court opinions upholding removal for complete preemption under the FAAAA. (See ECF 45 at 13). However, most of the cases cited by Sunteck do not relate to personal injury claims.

On the other hand, two circuit courts, both sitting *en banc*, have specifically held that personal injury cases did not even reach the threshold of substantive preemption—let alone complete preemption—as they relate to the FAAAA.

In Hodges v. Delta Airlines, Inc., 44 F.3d 334 (5th Cir. 1995) (*en banc*), the Fifth Circuit held that a negligence claim arising from a box falling from an airline's overhead bin was not preempted because it did not relate to a service but was akin to an ordinary negligence claim.

In Charas v. Trans World Airlines, Inc., 160 F.3d 1259 (9th Cir. 1998) (*en banc*), the Ninth Circuit explained:

> **Congress did not intend to preempt passengers' run-of-the-mill personal injury claims**. Accordingly, we hold that Congress used the word "service" in the phrase "rates, routes, or service" in the ADA's preemption clause to refer to the prices, schedules, origins and destinations of the point-to-point transportation of passengers, cargo, or mail.

8

Id. at 1261 (emphasis added).

The present dispute between Vafokulova and a bevy of Defendants allegedly responsibly for decedent's death is unquestionably a "run-of-the-mill personal injury" action. The central question for removability is whether "the pre-emptive force" of the FAAAA "is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim." Caterpillar Inc, 482 U.S.C. at 393. This is a far higher threshold than the even lower threshold of ordinary preemption that two Federal Courts of Appeals, sitting *en banc*, have used when rejecting preemption arguments related to personal injury actions against interstate transporters. This Court thus finds that the "preemption" clause of the FAAAA does not permit Defendants to upend Plaintiffs' choice of forum for their eleven state law claims.

### IV. Attorney's Fees

Plaintiffs' counsel contends that attorney's fees should be awarded on the basis of their having to litigate the issue of remand. Awarding attorney's fees here would be inappropriate. The case was removed on June 9, 2017, and Plaintiffs never moved for remand prior to this Court's *sua sponte* initiation of remand proceedings on October 11, 2017.

### V. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand will be GRANTED and Plaintiffs' "Addendum" to the Motion to Remand (i.e., the Motion for Attorney's Fees) will be DENIED with prejudice.

O:\CIVIL 17\17-2605 Vafokulova v UA Intl\Memo re Dismissal for Lack of SJ Jurisdiction.docx